## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-cv-234-HRW**

**WILLIAM A. HANEY,**                                                        **PLAINTIFF,**


**v.**                         **MEMORANDUM OPINION AND ORDER**


**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on June 4, 1997 (Tr. 151-154), alleging disability beginning on April 3, 1997, due to chronic back and knee pain. This application was denied initially and

on reconsideration (Tr. 125-126, 128-135, 139-141).

On October 7, 1998, an administrative hearing was conducted by Administrative Law Judge James D. Kemper (hereinafter "ALJ") (Tr. 46-78).   An unfavorable decision was issued on November 24, 1999 and, later, affirmed by the Appeals Council on April 19, 2002 (Tr. 10).

Following an appeal, the United States District Court for the Eastern District of Kentucky remanded the claim for re-evaluation of Plaintiff's alleged physical impairments and further consideration of the opinion of Dr. Stuart Cooke, an examining psychologist.

Following remand, on November 3, 2004, the ALJ convened an hearing wherein Plaintiff, accompanied by counsel, testified (Tr. 497-514).  At the hearing Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 515-517).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

2

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 25, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 413-423).

Plaintiff was 47 years old at the time of the hearing decision.   He testified that he has a tenth grade education (Tr. 498).  His past relevant work experience consists of work as a carpenter's helper and janitor (Tr. 183, 498-499).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 422).

The ALJ then determined, at Step 2, that Plaintiff suffered from substance abuse, anxiety, chronic back pain and an associated pain disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 422).

3

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 422).  In doing so, the ALJ specifically considered listings 1.00, 12.06 and 12.09 (Tr. 418-419).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 422) but determined that he  has the following residual functional capacity ("RFC"):

> [L]ift / carry 25-30 pounds occasionally, 10 pounds frequently; occasionally climb; "fair," defined as limited but satisfactory, ability to use judgment, deal with work stresses, function independently, maintain attention / concentration, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, and "good," defined as more than satisfactory, ability to follow work rules, relate to coworkers, deal with the public, interact with supervisors, maintain personal appearance, and understand, remember and carry out detailed and complex job instructions.

(Tr. 422).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as watch guard, food counter worker and hand packer (Tr. 422).  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 422).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

4

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 6, 2005 (Tr. 410-412).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

5

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In support of his motion, Plaintiff makes several superficial statements, however, "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id*. The Court is perplexed as to what, exactly, Plaintiff alleges as error.

Moreover, in the subject decision, the ALJ more than adequately addressed the issues on remand, namely, Plaintiff's physical impairments and the evaluation of Dr. Cooke.

With regard to Plaintiff's physical impairments, the ALJ found that in addition to substance abuse and anxiety, impairments found to be "severe" in the original decision, Plaintiff's chronic back pain and an associated pain disorder were also "severe". (Tr. 417, 422). The ALJ obtained interrogatory responses from Dr. Erwin Chillag to assist in his evaluation of the functional limitations which may arise from these impairments (Tr. 449-453). Having reviewed the

6

record, the Court finds no error in the ALJ's evaluation of Plaintiff's physical

impairments and his conclusion that Plaintff retained the ability to perform light-

level work.

As for Dr. Cooke's assessment, the ALJ did, indeed, take the same into

consideration in assessing Plaintiff's mental functional limitation, but gave more

weight to the findings of Dr. Stuart Gitlow, a consultative psychiatrist.  Dr. Gitlow

agreed with Dr. Cooke that Plaintiff suffered from a pain disorder as well as

substance dependence (Tr. 460).  However, Dr. Gitlow opined that these

impairments were not disabling and that Plaintff retained a good ability to follow

work rules, relate to coworkers, deal with the public, interact with supervisors,

understand, remember and carry out simple job instructions and maintain his

personal appearance.  Dr. Gitlow further opined that Plaintiff had a limited but

satisfactory ability to use judgment, deal with work stresses, maintain attention and

concentration, relate predictably in social situations, demonstrate reliability and

understand, remember and carry out detailed work instructions (Tr. 461-462).

The ALJ did not err in assigning more weight to the opinion of Dr. Gitlow

over that of Dr. Cooke.    Dr. Gitlow's assessment is more recent than that of Dr.

Cooke's.   Further, Dr. Gitlow's opinion is entirely consistent with the other

credible evidence of record.    The more consistent an opinion is with the record,

7

the more weight that opinion is given.  *See*, 20 C.F.R. § 404.927 (d)(4).   Finally, as the ALJ stated, Dr. Gitlow's primary speciality is psychiatry and he provided a greater degree of explanatory rationale that Dr. Cooke (Tr. 420).

In his motion, Plaintiff makes the statement "[t]here was no finding that the claimant's substance abuse was material to disability."   Again, it is unclear what, exactly, Plaintiff is suggesting, but any argument in this regard is unwarranted.   A finding of disability is precluded if alcoholism or drug addiction would be a contributing factor material to a determination of disability.  42 U.S.C. §§ 423 (d)(2)( c), 1382c (a)(3)(J).   A finding of disability is a prerequisite to the application of this statute.  20 C.F.R. §§ 404.1535(a), 416.935 (a).  In other words, the ALJ must consider whether a claimant would still be disabled *absent* the alcoholism or drug addiction.  *Id.*

In this case, there was no finding that Plaintiff's substance abuse was material to disability, because there was no finding of disability.   Thus, Plaintiff's argument is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for

8

Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

  This November 6, 2006.

Signed By:

*Henry R Wilhoit Jr.*

United States District Judge